IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GILBERT PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-128 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS & ALL ENTITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    Screening the Complaint**

    **A.    Background**

Plaintiff names "Georgia Department of Corrections & All Entity" as the sole Defendant. (Doc. no. 1, p. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Around July 2021, while incarcerated at Autry State Prison, Plaintiff was diagnosed with cancer. (Id. at 6.) He remained at Autry State Prison until April 2023 and never received treatment

for his cancer. (Id.) In April 2023, Plaintiff was transferred to ASMP, where he was re-diagnosed with cancer. (Id.) As of July 2024, Plaintiff also received no treatment for his cancer at ASMP. (Id.) As relief, Plaintiff seeks proper treatment for his cancer and monetary damages. (Id. at 5.)

  **B.**  **Discussion**

    1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked

2

assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Pleading Deficiencies in Plaintiff's Complaint

Here, because of the lack of factual detail regarding any individual's participation in any alleged wrongdoing, the Court cannot determine whether Plaintiff has any viable claims. First, Plaintiff failed to provide any factual detail connecting any state actor to any alleged constitutional violation. Plaintiff merely alleges he has failed to receive treatment following his cancer diagnosis without explaining what has happened concerning his medical care or who has been involved in any decisions made.

Second, even if Plaintiff had provided more detail about his claims, the Georgia Department of Corrections is not subject to liability in a § 1983 suit. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to

3

the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant is an agency of the state, it is not a proper defendant in this case. Proper defendants are, instead, employees of the Georgia Department of Corrections and any personnel who were responsible for providing medical treatment and failed to do so.

### II.     Leave to Amend Complaint

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (explaining *pro se* plaintiff must be given one chance to amend to cure pleading deficiencies prior to dismissal). Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The statement of claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Ga. Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended

complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

SO ORDERED this 3rd day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA